UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
UNITED STATES OF AMERICA,       :
                                                :     CASE NO. 1:14-CR-239
           Plaintiff,                        :
                                                :
v.                                            :     OPINION & ORDER
                                                :     [Resolving Doc. 33]
DEION THOMPSON,                    :
                                                :
           Defendant.                      :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 4, 2016, Deion Thompson requested the appointment of counsel for assistance with filing a habeas motion under Title 28 United States Code Section 2255 in light of the Supreme Court's June 2015 decision in *Johnson v. United States*.[1] This Court has reviewed the merits of Thompson's potential *Johnson* claim and **DENIES** the motion for appointment of counsel.

## I.     Discussion

The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances.[2]

Thompson would only have a potentially viable *Johnson* claim if his base offense level was increased because of a prior conviction that was a crime of violence only under the residual clause.

In calculating Deion Thompson's base offense level, the pre-sentence report listed two "felony convictions of either a crime of violence or a controlled substance offense . . . to wit: Failure to Comply with Order or Signal of a Police Officer in Cuyahoga County Common Pleas

---

[1] *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process).
[2] *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).

Case No. 14-cr-239
Gwin, J.

Court in Case # CR-05-461329; and . . . Trafficking in Drugs in Cuyahoga County Common Pleas Court in Case # CR-08-516320."[3]

The controlled substance offense, Trafficking in Drugs, is not affected by the *Johnson* decision because it was not classified as a crime of violence. Further, a closer examination of Thompson's PSR reveals that he was sentenced for another controlled substance offense: Drug Possession (F-2) in Cuyahoga County Common Pleas Court in Case # CR-05-461329. Thus, regardless of whether or not the Failure to Comply with Order or Signal of Police Officer is no longer a crime of violence post-*Johnson*, Thompson's guidelines calculation would not be affected because the pre-sentence report still lists two felony convictions for a controlled substance offense.

Thompson has not shown that he has a meritorious *Johnson* claim. He cannot demonstrate that his civil §2255 proceeding is an exceptional circumstance warranting appointment of counsel.

## II. Conclusion

For the reasons above, this Court **DENIES** Defendant's motion seeking the appointment of counsel.

IT IS SO ORDERED.

Dated:  March 23, 2016                              *s/        James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE

---

[3] Presentence Investigation Report at ¶24.

-2-