THE STATE OF OHIO,      )
                        )  SS:  DANIEL GAUL, J.
COUNTY OF CUYAHOGA.     )

            IN THE COURT OF COMMON PLEAS
                 CRIMINAL DIVISION

THE STATE OF OHIO,              )
                                )
            Plaintiff,          )
                                )
      vs.                       )  Case No. 661940
                                )
DEION THOMPSON,                 )
                                )
            Defendant.          )

                        - - -

            TRANSCRIPT OF PROCEEDINGS

                        - - -

APPEARANCES:

      MICHAEL C. O'MALLEY, ESQ., Prosecuting Attorney, by:
      Joseph Lucchesi, Assistant Prosecuting Attorney,

            On behalf of the State of Ohio.


      Jeff Richardson, Esq.,

            On behalf of the Defendant.


Kerri L. Nestor, RPR
Official Court Reporter
Cuyahoga County, Ohio

GOVERNMENT
EXHIBIT

1

2

THE STATE OF OHIO,      )
                        )  SS:  DANIEL GAUL, J.
COUNTY OF CUYAHOGA.     )

                 IN THE COURT OF COMMON PLEAS
                       CRIMINAL DIVISION

THE STATE OF OHIO,              )
                                )
                Plaintiff,      )
                                )
        vs.                     )   Case No. 661940
                                )
DEION THOMPSON,                 )
                                )
                Defendant.      )

                        - - -

                 TRANSCRIPT OF PROCEEDINGS

                        - - -

          BE IT REMEMBERED, that at the
       MAY, A.D. 2022 Term of said Court, this cause
       came on to be heard before the Honorable Daniel
       Gaul, in Courtroom No. 19-D, The Justice Center,
       Cleveland, Ohio, commencing on Wednesday, May
       4, 2022, upon the indictment filed heretofore.

                        - - -

WEDNESDAY MORNING SESSION, MAY 4, 2022

PLEA AND SENTENCING

THE COURT:            I'd like to go on the record in 661940, State of Ohio vs. Deion Thompson.  He's present in the courtroom with his attorney.  Let the record reflect that Jeff Richardson is here.

Jeff, did Tim Kucharski represent this individual at one time?

MR. RICHARDSON:         Yes.  This is Mr. Kucharski's client, your Honor.  Tim had to run to Youngstown.  He called me about seven minutes ago and asked me to cover.  It is a misdemeanor plea, as I understand it.

Is that right, a misdemeanor plea?

MR. LUCCHESI:          Yeah.

MR. RICHARDSON:         So I told him I thought I could handle this, Judge.

THE COURT:             Okay.

MR. RICHARDSON:         I'll do my best.

THE COURT:             So Jeff Richardson is here on that.  Also present and representing the State of Ohio is Assistant County Prosecutor Joe Lucchesi.

MR. LUCCHESI:          Thank you, your

Honor. So in this case discovery has been provided. This case has been fully pretried.

The original indictment is drug possession, a felony of the fifth degree, Count 1; Count 2 is also drug possession, a felony of the fifth degree; Count 3 is possessing criminal tools, a felony of the fifth degree.

All of these contain forfeitures of money, forfeiture of automobile, forfeiture of a scale, and forfeiture of a gun -- of a cell phone, not a gun. And then Counts 4 and 5 are endangering children, misdemeanors of the first degree.

Your Honor, this case has been fully pretried and the State understands that the Defendant will plead to a misdemeanor of disorderly conduct in violation of 2917.11(A)(5).

All other counts will be dismissed or nolled and he will forfeiture all items seized with the exception of the money. He will be forfeiting $3,500.

THE COURT: Thank you very much. I appreciate that.

THE BAILIFF: I'm confused. He will be forfeiting?

MR. RICHARDSON: I thought there was

some division of the money, Joe.

MR. LUCCHESI: Money? He's forfeiting only $3,500 or $3,500 total of the money.

THE BAILIFF: Oh. So there's more money than that?

MR. LUCCHESI: Correct.

THE BAILIFF: Okay. What count did you amend?

MR. LUCCHESI: We're amending Count 3 to disorderly conduct.

THE BAILIFF: Count 3.

THE COURT: All right. So please clarify. How much money was seized at the time?

MR. LUCCHESI: The total amount was $13,478.

THE COURT: How much is being returned?

MR. LUCCHESI: He is going to forfeit $3,500.

THE COURT: He's going to forfeit 35 --

MR. LUCCHESI: He's going to forfeit $3,500. The rest will be returned.

THE COURT:                Thank you.  Jeff.

MR. RICHARDSON:           Thank you, your Honor.  If it pleases the Court.  Obviously, I'm filling in.  I can just tell you whatever factual basis you may need from Mr. Lucchesi is understood.

I do understand there was a substantial/significant suppression issue, your Honor, which was the driving force behind the resolution of the matter.

Mr. Thompson understands his trial rights, your Honor, those he gives up by entering a plea, and he is ready to go forward.

THE COURT:                Fine.  Thank you.  Sir, would you state your name for the record.

THE DEFENDANT:            Deion Thompson, sir.

THE COURT:                How old are you?

THE DEFENDANT:            I'm 35, sir.

THE COURT:                Are you a US citizen?

THE DEFENDANT:            Yes, sir.

THE COURT:                Are you on probation or parole?

THE DEFENDANT:            I'm on supervised

release.

THE COURT: Federal supervised release?

THE DEFENDANT: Yes, sir.

THE COURT: You understand that this conviction here could result in some kind of a sanction?

THE DEFENDANT: Yes, sir.

THE COURT: Are you familiar with what sanction you may face?

THE DEFENDANT: Yes, sir.

THE COURT: What is that?

THE DEFENDANT: A Class C violation.

THE COURT: Which means?

THE DEFENDANT: It's a Class C violation. It carries up to 8 to 24 months, continued supervision, home confinement.

THE COURT: So you're aware of the potential penalties?

THE DEFENDANT: Yes, sir.

THE COURT: Are you under the influence of any drugs or alcohol or medication here today that would prevent you from understanding me?

8

THE DEFENDANT:          No, sir.

THE COURT:          Let me explain to you your constitutional rights.  You've been indicted, but you're presumed innocent.  You have a right to a jury trial or a bench trial at which time the State has the burden of proving you guilty beyond a reasonable doubt.

You have no burden.  You've been represented by two fine attorneys.  I know Jeff and Tim.  Fine attorneys.  You have a right to a trial at which time your attorneys may cross-examine your accusers, call witnesses, use the subpoena power of the Court.

You may call witnesses.  You may cross-examine through your attorneys and at trial you may testify or remain silent.  No one will comment on your failure to testify or compel you to testify or prevent you from testifying.  And most importantly in your case, no one can mention your prior criminal record if you do not testify.

By proceeding here today, you're pleading guilty to an offense that's punishable by up to 6 months in the county jail and $1,000 fine.  It is probationable.  Given the fact that it's a misdemeanor, I'm not going to incarcerate you

today.  I'm going to place you on probation.

Do you understand this?

MR. RICHARDSON:        Is this a fourth-degree misdemeanor as amended?

THE COURT:        Pardon me?

MR. LUCCHESI:        Fourth degree.

MR. RICHARDSON:        So 30 days, 250.

THE COURT:        Okay.  So the maximum potential penalties are 30 days in jail, $250 fine.  And I said, I was going to put you on probation.  We can talk about that, but that is the essence of the plea bargain here today.

Do you understand?

THE DEFENDANT:        Yes, sir.

THE COURT:        Do you have any questions?

THE DEFENDANT:        As of right now, no, sir.

THE COURT:        Are you satisfied with your attorney?

THE DEFENDANT:        Yes, sir.

THE COURT:        Has anyone threatened you or promised you things that do not appear on the record?

THE DEFENDANT:        No, sir.

THE COURT: Okay. So the plea is freely, knowledgeably, and voluntarily made?

THE DEFENDANT: Yes, sir.

THE COURT: Jeff, are you satisfied the Court has complied with Rule 11?

MR. RICHARDSON: Yes, your Honor.

THE COURT: Joe?

MR. LUCCHESI: Yes. I would like to place on the record, though, I did state everything was forfeited, the car has previously been returned to the Defendant and that is not being forfeited.

THE COURT: Thank you.

MR. LUCCHESI: Yeah.

THE COURT: Okay. Then I'm going to ask you, sir, how do you plead to the M-4? Technically that is -- what is that?

MR. RICHARDSON: Disorderly conduct, your Honor.

THE COURT: Disorderly conduct as amended in Count 3, correct?

MR. RICHARDSON: Yes, that's correct.

MR. LUCCHESI: Yeah. Yeah.

MR. RICHARDSON: Yes.

THE COURT: How do you plead?

THE DEFENDANT: Guilty.

THE COURT: All right. Can we go to the sentencing phase at this point?

MR. LUCCHESI: We can, your Honor.

THE COURT: Would you like to say anything, Mr. Lucchesi?

MR. LUCCHESI: Yes, your Honor. Members of the Fourth District Vice SWAT in Garfield Heights officers executed a search warrant on a home in which the Defendant was residing. According to the forfeiture form, officers seized a 2020 Chevrolet Malibu, which has since been returned, three cell phones, a drug press, $13,478, and two live rounds of ammunition.

This forfeiture was done due to, you know, previously seeing the Defendant engaging in drug trafficking activity and so that's why the search warrant was conducted. With regards to sentencing, we would defer to the Court.

THE COURT: Why did they reduce it to an M-4?

MR. LUCCHESI: My understanding is due to his federal case with regards to the federal sentencing and also with regards to just

potential issues with the search warrant.

THE COURT: All right.

MR. LUCCHESI: Yeah.

THE COURT: Jeff, do you care to be heard?

MR. RICHARDSON: Just briefly if I may, your Honor. Thank you. Again, I'm standing in for Mr. Kucharski, but I do know some of the kind of collateral issues surrounding Mr. Thompson. He is on federal supervised release, your Honor. It is a very high level of supervision.

He just indicated to you the potential consequences to him even with this disorderly conduct plea. I think part of the goal was to keep the violation of the federal supervised release at a Class C as opposed to a Class A or B.

To the extent that he is on supervision already, your Honor, I think he spent a couple days in jail. I would ask you to consider giving him credit for time served so that there's not any wasted resources.

And being on probation to this Court, your Honor, assuming he gets sent away on his federal supervised release, it can create a detainer which

will prohibit him from getting involved in programming in the federal system.  So we would ask you to consider giving him credit for time served, your Honor.

THE COURT:  All right.  Thank you.  Mr. Thompson, do you care to be heard?

THE DEFENDANT:  Yes, sir.  I apologize for wasting your time here today.  I have been a citizen in the community.  I've been working a job for over a year now.  Beforehand, I was working a job as well.

I would say just got the end of my assignment.  I was working for a temporary service and now I'm working for a real job and I've been paying my taxes and living my life with my family.

THE COURT:  Have you been shot?

THE DEFENDANT:  No, sir.

THE COURT:  50 percent of the guys who stand behind that podium have been shot because they engage themselves in activities like drug activities.  I'm not going to get into the facts and circumstances of the case other than to say it's disappointing you're back.  In any case, sentenced to time served.

MR. RICHARDSON:  Thank you, your

Honor.

- - -

(Thereupon, proceedings were concluded.)

- - -

C E R T I F I C A T E

I, Kerri L. Nestor, Official Court Reporter for the Court of Common Pleas, Cuyahoga County, Ohio, do hereby certify that I am employed as an Official Court Reporter, and I took down in stenotypy all of the proceedings had in said Court of Common Pleas in the above-entitled cause; that I have transcribed my said stenotype notes into typewritten form, as appears in the foregoing Transcript of Proceedings; that said transcript is a complete record of the proceedings had in the said cause, and constitutes a true and correct Transcript of Proceedings had therein.


_____
Kerri L. Nestor, RPR
Official Court Reporter
Cuyahoga County, Ohio